### Nix & Story v. J. M. Cardwell et al.

#### (No. 4825.)

LIENS.— In suits for foreclosures of mortgages and other liens, all subsequent incumbrancers, of whose claim notice is given before the filing of the suit, either by possession or registration, must be made parties or they will not be affected by the foreclosure.

LIMITATION.— Debt, if barred by, the creditor is left without a remedy, but it does not extinguish the debt; and the debtor may ordinarily waive the bar, and if he fails to assert it as a defense he is held to waive its benefits. But if the debtor has parted with property which might be affected by limitation, the person taking his place may avail himself of the pleas with respect to that particular property.

Appeal from Caldwell county. Opinion by Watts, J.

Statement.— On March 21, 1881, appellants brought this suit of trespass to try title against appellee to recover the lot described in the petition. Their claim of title is as follows: Through the foreclosure and sale thereunder of a mortgage executed by the lodge to Collins, dated January 1, 1874, to secure a note of the same date and due January 1, 1875. Collins brought suit upon note and to foreclose the mortgage March 10, 1879, and September 28, 1880, judgment was rendered in favor of Collins for the amount of the note, and decreeing a foreclosure of the mortgage. December 7, 1880, appellants became the purchasers at the foreclosure sale.

Appellees claim under a mortgage executed to Anthony Cardwell by the lodge November 8, 1875, to secure a note of same date, due twelve months after date, which mortgage was duly recorded upon the day of its date.

August 25, 1879, Anthony Cardwell brought suit upon that note and to foreclose the mortgage, and on March 26, 1880, judgment was rendered for the amount of the note and decreeing a foreclosure of the mortgage. Sale was made thereunder June, 1880, and the property purchased by J. M. Cardwell, one of the appellees. Cardwell was not a party to the foreclosure suit of Collins, and that was asserted as a defense by the appellees. They also asserted as a defense that the note of Collins was barred by limitation before he instituted his suit.

Tried before the judge and judgment rendered for appellee.

Opinion.— The rule is well established that in suits for foreclosure of mortgages and other liens, all subsequent incumbrancers, of whose claim notice is given before the filing of the suit, either by possession or registration, must be made parties or they will not be affected in any manner by such foreclosure. Peters *et al. v.* Clements, 46 Tex., 114;

Cannon *v.* McDaniel *et al.*, id., 303; Wright *v.* Wooters *et al.*, id., 380; Byler *v.* Johnson *et al.*, 45 Tex., 509; Delespine *et al.* *v.* Campbell *et al.*, id., 628; Davis *v.* Rankin *et al.*, 50 Tex., 279.

As a general rule the defense or plea of the statute of limitations is a personal privilege of the debtor which may be asserted or waived at his election; however, if he has parted with his interest in property which might be affected by the defense of limitation, either by absolute conveyance or mortgage, then the person standing in the place of the debtor, with respect to the particular property, may avail himself of that defense to protect his rights to the same.

After the execution of the mortgage to Cardwell the mortgage could not renew the barred debt of Collins so as to affect Cardwell's right to, or interest in, the property. Lord *v.* Morris *et al.*, 18 Cal., 482; Grattan *v.* Wiggins, 23 Cal., 16; Connor *v.* Brown, 23 Cal., 143; Dawson *v.* Calloway, 18 Ga., 573; Wood on Limitation of Actions, sec. 41; Wait's Actions and Defenses, vol. 2, p. 236. It would have been a sufficient defense to defeat a recovery by appellants to have asserted that Cardwell had not been made a party to the foreclosure suit by Collins; hence those claiming under the Cardwell mortgage have the superior right to the property in controversy.

AFFIRMED.