## HENRY A. BURROW vs. CHARLES N. BROWN.

### SUPREME COURT, AUSTIN TERM, 1883.

*Judgment—Record of—Evidence.*—Where a judgment was offered solely to show the authority to issue the execution under which the property was sold, to render it admissible it was not necessary that it should have been recorded.

*Sheriff's Deed—Presumption of Verity.*—The law presumes that sheriffs and their deputies have the character which their acts import, and the burden of showing to the contrary rests upon the person who denies it.

*Continuance.*—When a person has full means of knowing what testimony will be used against him and fails to avail himself of such means, and goes into trial without it, in the absence of acts or declarations of the adverse party, calculated to mislead, he cannot be heard to complain.

Appeal from Navarro County.

*Croft & Blanding* for appellant.

*Beale & Autry* for appellee.

Opinion by Stayton, J.

The judgment in favor of Gibson and Turner was offered solely for the purpose of showing the authority to issue the execution under

which D. M. Brown bought the property in controversy, and to render it admissible for that purpose it was not necessary that it should have been recorded.

. The deed to D. M. Brown was made by the deputy sheriff who made the sale under the execution. This was done in the name of the sheriff by his deputy.

It is not claimed that the deed was not executed by the person by whom it appears to have been executed; but it is claimed that the deed was not admissible without proof that the person who executed it was a deputy sheriff.

The law recognizes the existence of such officers as sheriffs and deputy sheriffs, and it is not necessary for persons who offer in evidence instruments executed by them in the course of their official duties to prove that they were the officers in fact and in law which in their acts they profess to be. 1 Greenleaf 83, 92. 50 Tex., 279. R. S. 4520.

The law presumes that such persons have the character which their acts import, and the burden of showing to the contrary rests upon the person who denies it.

The judgment in favor of Gibson and Turner, the execution under it and the returns thereon, together with the sheriff's deed to D. M. Brown, proved title in Brown, that judgment being against the appellant, and the appellee was not required to make any further proof to entitle him to recover.

The title which the appellee claims to have acquired through the sale made under the trust deed to Church, trustee, was acquired after the institution of this suit, and ought not to have been considered at all, and as the evidence for which a continuance was sought related to that title alone, the court did not err in refusing to grant it, however sufficient the application may have been in other respects.

Disregarding that title, the appellee was entitled to recover upon the other title shown by him.

If there be any equities between the parties growing out of any matter connected with the deed of trust executed to Church by the appellant, or out of the payment of the debt which it was given to secure, they are open to adjustment by the parties, and are not effected by the judgment in this cause.

Other questions raised in reference to that trust deed and the debt

secured by it need not be considered as they cannot effect the result of this suit.

The judgment is affirmed.

Opinion on rehearing by Stayton, J.

In the former consideration of this case, there was a misapprehension as to the intended application of the testimony for which a continuance was sought, but it is not presumed that the court erred in overruling the motion.

The application was not made until after the trial had commenced and evidence was introduced.

It is claimed that the appellant was not aware that the deed from the sheriff would be used in evidence. Its existence seems to have been known, and at the time the suit was instituted it was the only evidence of the title in the intestate, the deed from the trustee was made subsequent to the institution of this suit, and it could not have been expected that it would be introduced in evidence in a suit instituted before it had an existence.

If the appellant was in doubt as to the title upon which the appellee would rely or if the desired information upon that subject, he could have called for an abstract of the title upon which the plaintiff intended to rely, and this would have given him full information.

When a person has full means of knowing what testimony will be used against him, and fails to avail himself of such means, and goes into trial without it, in the absence of such act or declaration by the adverse party which mislead or was intended to mislead him, he cannot well complain that he was surprised, for his own want of dilligence contributes to the result.

It does not appear that the witness had ever been summoned, that he was expected to be present, nor how long he had been sick.

If this illness had continued for any considerable length of time his depositions should have been taken, or some showing made why that was not done.

The application was irregular, coming as it did after the trial had commenced, and in such cases much is left to the discretion of the judge trying the cause, and in a case in which it is not clearly shown that an abuse of that discretion has occurred this court will not reverse a judgment for the refusal of the district court to grant a continuance. It is not shown that such discretion was abused in this case.

The other grounds for a rehearing are based upon the presumption that it is incumbent upon a plaintiff in a suit of trespass to try title to go behind the common source and deraign title from the sovereignty of the soil. This question is so well settled not only by adjudicated cases but express statute that it is not necessary further to consider it. R. S. 4802.

The motion for rehearing is overruled.