### J. H. H. DAVIS ET AL. v. JUAN BARGAS ET AL.

#### No. 683.

**1. Land Certificate—Recitals in as Proof of Transfer.**

An unconditional certificate recited that W. had presented to the Board of Land Commissioners the conditional headright certificate issued to N., with the records of the proof of three years' residence by N. ———, "and the said W. having presented a regular transfer from said N.. dated April 9, 1841, consequently this unconditional certificate is issued to the heirs or legal representatives of N." Held, that the recitals constituted sufficient proof of the transfer of the conditional certificate from N. to W., and that the patent which issued to the heirs of N., deceased, their heirs or assigns, inured to the benefit of W. and his assigns.

**2. Constable's Deed of Land Certificate—Description—Variance.**

Where a constable's deed of an unconditional land certificate identified it correctly by class and number, and as issued by the Board of Land Commissioners of a given county, a variance therein describing it as issued to the assignee of the original grantee of the conditional certificate, instead of as issued to the heirs and legal representatives of such original grantee, will not vitiate the deed.

**3. Judgment of Justice of the Peace—Informalities.**

It has been customary to extend great liberality and indulgence to judgments of justices of the peace, and their intelligibility has usually been the test of their validity.

---

APPEAL from Bexar. Tried below before HON. S. G. NEWTON.

*John Ireland, Neal & Sowell,* and *Webb & Finley,* for appellants.—
1. The court erred in concluding as matter of law that the plaintiffs had failed to show title in themselves to the land in controversy and in withdrawing the case from the jury and instructing them to return a verdict in favor of the defendants, because the patent and the unconditional certificate were issued to the heirs of the patentee and the proof is uncontroverted that the plaintiffs are the heirs of the patentee, Thos. R. Nichols, and no transfer was shown from Thos. R. Nichols or his heirs. Rankin v. Busby, 25 S. W. Rep., 678; Abernethy v. Stone, 81 Texas, 434.

2. The court erred in finding as matter of law that Thos. R. Nichols had transferred his headright certificate to Robert H. Wynne, because if such transfer was ever made it is a question of fact to be determined from the evidence by the jury, the transfer itself not being before the court. Bounds v. Little, 75 Texas, 320; Walker v. Caradine, 78 Texas, 492; Sayles' Civ. Statutes, art. 1317; 1 Greenl. Ev., secs. 46, 47, 48, 49.

3. The Board of Land Commissioners of Guadalupe county was a tribunal clothed with power to determine the proper persons to receive grants from the government, and their action in issuing this certificate "to the heirs or legal representatives of Thos. R. Nichols" is res adjudicata—not subject to collateral attack—and whether their action in so issuing this certificate to said heirs, instead of Robert H. Wynne, assignee, is right or wrong, it is conclusive. Capp v. Terry, 77 Texas, 395; Burkett v. Scarborough, 39 Texas, 497; 2 Freem. on Judg., sec. 531.

4. The Board of Land Commissioners had full power to have issued the certificate to Robert H. Wynne, as assignee of Thomas R. Nichols if they had so desired or intended; and if Wynne, who was before the Board was, as appellees contend, asserting title to this certificate, he had his remedy by appeal from the action of the Board in issuing this certificate to the heirs of Nichols. Walters v. Jewett, 28 Texas, 192; Capp v. Terry, 75 Texas, 395; Merriweather v. Kennard, 41 Texas, 281; Sayles' Early Laws of Texas, art. 398, sec. 16.

5. Less indulgence will be shown in favor of descriptions of property contained in deeds based on compulsory sales under judicial process than applies to descriptions given in deeds and other instruments voluntarily executed by the owner of the property. Beze v. Calvert, 2 Texas Civ. App., 209; Wofford v. McKinna, 23 Texas, 36; Mitchell v. Ireland, 54 Texas, 301; Wooters v. Arledge, 54 Texas, 395.

*Franklin & Cobbs, Clark & Fuller, Shook & Shook, C. W. Ogden,* and *W. H. Young,* for appellees.—1. It affirmatively appears from the judgment of the Board of Land Commissioners that the title to said certificate is adjudicated in said R. H. Wynne, and that the commissioners intended to and did embrace him in the expression "legal representatives." This expression is sometimes used as synonymous with assigns and is so construed by the courts. As the judgment finds Wynne to be the real owner of the certificate, the direction that same was issued to the heirs or legal representatives of Nichols would not divest out of Wynne the very title decreed in him. McPhail v. Burris, 2 Texas, 146; Peters v. Clements, 46 Texas, 123; Shortbridge v. Allen, 2 Texas Civ. App., 193; Burkett v. Murphy, 59 Texas, 495; Capp v. Terry, 75 Texas, 391; Satterwhite v. Rosser, 61 Texas, 167; Abernathy v. Stone, 81 Texas, 433; Hammond v. Organ Co., 92 U. S., 724; 40 Ohio St., 629; 71 Illinois, 91; 13 Am. & Eng. Encycl. Law, 221, note 2; Barbour v. Bank, 17 Am. & Eng. Corp. Cases, 134.

2. The title to the certificate being in Wynne, it passed to Giraud, under whom appellees hold, by the constable's sale made under the process issued in the case of Veatch v. Wynne. The proceedings in that case were not had in a court of record, and in ascertaining what judgment was therein rendered we are not confined to the docket or minute entry thereof. Wahrenberger v. Horan, 18 Texas, 58; Howerton v. Luskie, 18 Texas, 237; Davis v. Rankin, 50 Texas, 285; Roberts v. Connellee, 71 Texas, 17; Newcomb v. Walton, 41 Texas, 318; Davis v.

Pinckney, 20 Texas, 341; Holt v. Maverick, 5 Texas Civ. App., 654; Williams v. Ball, 52 Texas, 609; Gooch v. Scheidler, 20 Texas, 449; Logan v. Pierce, 66 Texas, 126; Freeman on Judgments, secs. 53-53a; Jones v. Lee, 86 Texas, 41.

3. Inasmuch as the title to the certificate upon which the patent issued is shown to have been in R. H. Wynne, and that defendants hold the title of said Wynne, they have a superior right to the land against which the naked legal title of plaintiffs can not prevail. Conceding that defendants' title to the land is an equitable one, nevertheless, it is the better title, and, as they are in possession, plaintiffs cannot dispossess them. Allen v. Clark, 21 Texas, 405; Babb v. Carroll, 21 Texas, 766; Neal v. Bartleson, 65 Texas, 481; Abernathy v. Stone, 81 Texas, 434.

4. The unconditional certificate issued to the Nichols heirs conferred no greater right therein than Nichols had to the conditional certificate. The Land Board recognized this, and did not undertake to do more than say in whose name the legal title of the new certificate should be placed. This legal title to the certificate is inferior to the superior equitable title of Wynne and those holding under him to the land located thereunder, and plaintiffs are not entitled to recover thereon. Allen v. Clark, 21 Texas, 405; Babb v. Carroll, 21 Texas, 766; Neal v. Bartleson, 65 Texas, 481.

FLY, ASSOCIATE JUSTICE.—This is an action instituted by appellants, as heirs of Thos. R. Nichols, to try title to one hundred and eleven acres of land. The judge instructed the jury to return a verdict for appellees which was done and judgment rendered accordingly.

We find that the appellants are the heirs of Thos. R. Nichols; that in 1841, he transferred to R. H. Wynne his conditional headright certificate for 640 acres; that Wynne presented the certificate and transfer to the Board of Land Commissioners of Guadalupe County and applied for an unconditional certificate, which was granted; that it is recited in the certificate that Nichols had regularly transferred the conditional certificate to R. H. Wynne, and recited that the unconditional certificate was given to the heirs or legal representatives of Thos. R. Nichols. The following indorsements appear on the back of the certified copy of the unconditional certificate:

"File 466
Bexar 2nd Class
Uncondl. Certificate
Thomas R. Nichols, Decd.
      640 acres.
Filed May 16th, 1853.
File 466.
Bexar 2nd Class
Uncondl. Cert. 640 acres.
Thomas R. Nichols, decd.
Filed April 26, 1853.

Dr Wyne 640 to Enter on record Book C back of his entries on Cibolo N. E. and adjoin surs. 11 & 12 on East side of Cibolo, made for Peter Magber & Geo. Davis, 9 July, each to join at S. E. corner of No. 11.
Registered Carleton.

R. H. Wynne, Ass'ee
          of
T. R. Nichols,
Land Cert. 640   H. R."

The patent was issued to the heirs of Thos. R. Nichols, deceased, their heirs or assigns. The title of Wynne has been by regular transfers vested in appellees, and they and their vendors have been in possession of the land and have paid taxes thereon for twenty-five years. Appellants set up no claim to the land until this suit was instituted in 1892. The appellants are married women, joined by their husbands.

The Board of Land Commissioners, composed under the act of Jan. 16, 1843, of the chief justice and associate justices of Guadalupe County, in 1847 issued the following certificate:

                    "640 acres.
The State of Texas,
Guadalupe County.                    2d Class No. 8.

This is to certify that Robert H. Wynne presented to the Hon. the County Court of Guadalupe County the conditional headright certificate of Thos. R. Nichols, being second Class No. 29, issued by the Board of Land Commissioners of Gonzales County, and dated 18th day of October, 1838; and James M. Day and John W. Nichols, after having been duly sworn, say that the said Thos. R. Nichols arrived in the late Republic of Texas in September, 1837, and continued to reside therein as a citizen for more than three years, and until his death in the year 1843. And the said Wynne having presented a regular transfer from said Thos. R. Nichols, under date 9th of April, 1841, consequently this unconditional certificate is issued to the heirs or legal representatives of Thos. R. Nichols for six hundred and forty acres of land." This was signed by each of the commissioners and attested by the clerk.

We are of the opinion that the board had the authority under the law to adjudicate the question of a transfer of the conditional certificate, and determine to whom it belonged, and to grant an unconditional certificate to the holder of the conditional one. Acts of 1837; Sayles' Early Laws, art. 398, pp. 262-263. This seems to be conceded by all parties. Having this authority when the transfer made by Nichols to Wynne was placed before the land board, and they determined that it was regular, the existence of a regular transfer was as well established as though the transfer itself had been produced. The certificate being the property of Wynne, he held the equitable title to the land, although it was issued to the heirs and legal representatives of Thos. R. Nichols, and when the patent was issued, it inured to the benefit of Wynne. The certificate should have been issued to Wynne, as assignee, and the language of the conditional certificate of the Board of Land Commissioners indicates that it was the intention to issue it to him. The conclusion of the certificate is an impotent one, and a complete non sequitur, if this was not the intention. There is no attempt made to show that

there was no transfer of the conditional certificate to Wynne by Nichols, but on the other hand the acts of Wynne in presenting and claiming the certificate, would seem to have the stamp of good faith put upon them by the fact that the proof necessary to enable him to obtain an unconditional certificate was furnished by the brother and brother-in-law of Thos. R. Nichols. We are of the opinion that this case is similar to those in which transfers of certificates were produced, which were given prior to the issuance of patents to original owners or their heirs or legal representatives, and wherein it is held that the patent inured to the benefit of those to whom the certificates were transferred. Burkett v. Scarborough, 59 Texas, 495; Satterwhite v. Rosser, 61 Texas, 166; Adams v. House, 61 Texas, 639; Neal v. Bartleson, 65 Texas, 478.

It is urged by appellants that the recital as to the transfer from Nichols to Wynne should not have been introduced in evidence, no predicate having been laid for the introduction of secondary evidence. The evidence was not objected to by appellants, and they are in no position to complain of its introduction. There was no attempt made to contradict the recital in the certificate that Wynne was the assignee of Thos. R. Nichols. The recital in the certificate is conclusive of the facts of the transfer.

To support a constable's deed, one of the links in their title, appellees introduced in evidence a judgment of a justice of the peace, together with certified copies of the citation and return, an affidavit, bond and writ of attachment and sheriff's return, showing a levy on the unconditional certificate in question. The suit was instituted and the attachment sued out in a suit of Ann M. Veatch v. R. H. Wynne. In the constable's deed made by authority of the judgment, the certificate was described as "a certain headright" certificate calling for 640 acres of land, class 2, No. 8, issued by the Board of Land Commissioners of Guadalupe County to Robert H. Wynne. The certificate is identified by class and number, and by having been issued by the Board of Land Commissioners, and the variance in stating that it was issued to Wynne, assignee, instead of the heirs or legal representatives of Thos. R. Nichols, would not vitiate the deed. The same may be said of the error in the description in the return of the constable on the writ of attachment.

The following are the recitals from the docket of the justice of the peace:

"Appearance Docket to April Term, 1852.

| No: | Parties: | Action: | Process. | Return. | Proceedings. |
|-----|----------|---------|----------|---------|--------------|
| 161. | A. M. Veatch vs R. H. Wynne. | Debt. | | Extd. | Judgt. for Pltff. |
| | | | | Exectn issd Sept. 13th, 1852. | |

The entry is informal and defective, but from the time of the organization of our Supreme Court at least up to the passage of article 1618,

Revised Statutes, it has been customary to extend great liberality and indulgence to judgments of justices of the peace. The test of their validity is their intelligibility. Clay v. Clay, 7 Texas, 251; Wahrenberger v. Horan, 18 Texas, 57; Roberts v. Connellee, 71 Texas, 11; Davis v. Rankin, 50 Texas, 279; Williams v. Ball, 52 Texas, 603.

We are of the opinion that the judgment was valid and sufficient. It was not necessary that the attachment lien should be foreclosed. Voigt v. Dorsey, 85 Texas, 90.

The judgment should be and is affirmed.

*Affirmed.*

Delivered December 18, 1895.