## E. L. RAINS ET AL. v. B. REASONOVER.

### Decided May 4, 1907.

**1.—Power of District Court to Enjoin County Court.**

The County Court has general jurisdiction within the limits prescribed by the Constitution, and the District Court is without power to enjoin its judgments when not absolutely void. Only in probate matters has the District Court supervisory jurisdiction over the County Court.

**2—Justice Court—Entry of Judgment—Sufficiency.**

When, upon a trial in a Justice Court the justice announces his decision and enters upon the docket that judgment was rendered for plaintiff for the amount sued for and all costs of suit, but failed to write out the judgment in full, the entry of judgment was sufficient to support an appeal to the County Court, and to give that court jurisdiction of the case, and the District Court was without power to enjoin the judgment therein rendered.

**3.—Same—Conflicting Cases.**

The case of Winstead v. Evans, 33 S. W. Rep., 580, seems to be in conflict with the cases of McIver v. McIntosh, 10 Texas Civ. App., 581, and Young v. Pfieffer, 30 S. W. Rep., 94, as to what constitutes a sufficient judgment by a Justice Court to support an appeal.

Error from the District Court of Kaufman County. Tried below before Hon. J. E. Dillard.

*S. H.* and *W. H. Jack,* for plaintiff in error.

*Gossett, Terry & Brown,* for defendant in error.

RAINEY, CHIEF JUSTICE.—This is a suit by injunction brought by J. B. Reasonover, against E. L. Rains and others in the District Court of Kaufman County, to enjoin the execution of a judgment rendered in the County Court of Kaufman County, in favor of E. L. Rains against Dick Turner and B. Reasonover, for the want of jurisdiction to render said judgment in said cause. Upon a trial in the District Court judgment was rendered enjoining said County Court judgment and Rains appeals.

The judgment in the County Court was rendered in a case appealed from the Justice Court, wherein Rains sued Dick Turner to recover $57.30 and to foreclose a landlord's lien on certain property. The Justice's docket only shows a proceeding against Dick Turner, but it seems B. Reasonover became a party to that proceeding and judgment was announced against both Turner and Reasonover. The judgment, as announced by the Justice, was not entered upon his docket, but was entered to the extent that plaintiff should recover judgment against Dick Turner for $57.30 and all costs of suit, but failed to foreclose the lien. After so much of the judgment was entered it was agreed that plaintiff's attorney should write out the proper judgment and hand it to the Justice for him to enter on the docket. The plaintiff's attorney did write out a proper form of judgment against both Turner and Reasonover, which was sent

to the Justice, but it was not entered on the docket. Turner alone perfected an appeal to the County Court and sent up a transcript of the proceedings properly certified to, which transcript included the judgment written by the attorney. After the transcript reached the County Court both Turner and Reasonover appeared and litigated the case, where a judgment was rendered against both of them. Reasonover never learned that the Justice had failed to enter on his docket the judgment furnished by plaintiff's attorney until some time after the case was tried in the County Court.

The first question that arises is, was the judgment of the County Court void? If not the District Court did not have jurisdiction to enjoin it. It is contended that there was no judgment rendered by the Justice of the Peace, that it was essential for him to have entered it on the docket before it became final, and therefore the jurisdiction of the County Court did not attach, and the assumption of jurisdiction by the County Court was a nullity. The authorities on this proposition in our State are in conflict. The case of Winstead v. Evans, 33 S. W. Rep., 580, seems to hold that where a justice tries a case and announces his decision, though not entered on his docket, it is sufficient to give jurisdiction to the County Court on appeal; but in McIver v. McIntosh, 10 Texas Civ. App., 581, and Young v. Pfieffer, 30 S. W. Rep., 94, a contrary opinion is held. However, we do not deem it necessary to express our opinion on this proposition, for, as we think, the record in this case clearly shows that the County Court had jurisdiction on appeal in rendering the judgment it did. The justice's docket shows that it had jurisdiction over Turner and the subject matter. That it rendered a judgment after trial and entered it on the docket as against him. The entry may have been a little informal, but not so much so as to prevent the jurisdiction of the County Court from attaching on appeal as to Turner. After the appeal to the County Court Reasonover, though not shown by the justice's record to be a party, appeared and submitted to the jurisdiction of the court without questioning it and litigated the right of recovery on its merits. That he did not know at that time that the judgment sent up with the justice's transcript had not been entered on the justice's docket makes no difference. If he was entitled to relief on this ground he should have sought it by proper proceedings in that court. The County Court having jurisdiction of the judgment against Turner when Reasonover appeared its jurisdiction attached to him and its judgment is binding.

The judgment of the County Court not being void the District Court was without jurisdiction to enjoin it. The District Court has no supervision of the County Court where acting within the limits of the Constitution, except as to probate matters; as to those its powers are definitely defined. The County Court has general jurisdiction within the limits prescribed by the Constitution which created it, and the District Court is powerless to interfere when the County Court is acting within the limits prescribed. Gulf, C. & S. F. Ry. Co. v. Cleburne Ice & Cold Stor. Co., 37 Texas Civ. App., 334; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1.

As the District Court was without jurisdiction to enjoin the County Court judgment, the judgment herein is reversed and the cause dismissed.

*Reversed and dismissed.*

Writ of error refused.