## DAGLEY v. LEETH.

### No. 1897.

Court of Civil Appeals of Texas. Waco.

June 10, 1937.

D. A. Webb, of Fort Worth, for appellant.

Ardell Williams and Allen & Allen, all of Hamilton, for appellee.

ALEXANDER, Justice.

This suit was brought in the justice court to recover on several promissory notes and to foreclose a chattel mortgage lien on an automobile. Judgment was for plaintiff. On appeal to the county court a similar judgment was rendered. The defendant has appealed to this court.

■ Appellant's first contention is that neither the justice court nor the county court had jurisdiction to try the case, because plaintiff failed to allege the value of the mortgaged property. The pleadings in the justice court were oral and have not been brought forward in the record. For that reason, we are unable to say that the plaintiff failed to allege the value of the mortgaged property in that court. In the absence of some showing as to the nature of the pleadings in the justice court, we must presume they were sufficient to give that court jurisdiction. Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844. The written pleadings filed in the county court fail to contain any allegation as to the value of the mortgaged property, but there is nothing in the record to show that these written pleadings were not supplemented by oral pleadings properly alleging the necessary jurisdictional facts. Under these circumstances, we must presume that the written pleadings were supplemented by oral pleadings alleging the value of the mortgaged property. Fort Worth & D. C. Ry Co. v. Brewer (Tex.Civ.App.) 1 S.W.(2d) 686.

■ Appellant further contends that the county court was without jurisdiction because the purported judgment in the justice court was so indefinite in amount that it did not amount to a final judgment from which an appeal could be prosecuted. The suit was filed in the justice court on October 3, 1935. Plaintiff sought recovery on eight promissory notes in the sum of $16.67 each, dated July 16, 1935, one of which was payable each thirty days thereafter. The defendant alleged certain payments. The jury's verdict in the justice court read in part as follows: "We, the jury * * * render a judgment in favor of the plaintiff for the amount due on notes as of October 3, 1935, and all costs of the court to be paid by the defendant." The court, in response to the verdict, rendered judgment that plaintiff "George Leeth do have and recover of said defendant, Miss Loreta Bagley, a feme sole, said sums of money due on and of October 3, 1935, with interest thereon at the rate of ten per cent per annum, together with his costs. * * *" No specific amount was mentioned in either the verdict or the judgment.

Due to the fact that justice courts are often presided over by laymen who are not supposed to be skilled in the technicalities of the science of the practice of law nor well informed in the forms of judicial proceedings as observed in courts of records, great liberality and indulgence are extended to the proceedings in such courts. It is said that if their proceedings are intelligible and attain the ends of substantial justice, they are generally sustained. 26 Tex.Jur. 822; Clay v. Clay, 7 Tex. 250, 255. The test of the validity of the judgments of such courts is their intelligibility, and in pursuance of the indulgence accorded by the policy of the higher courts, very brief entries have been held sufficient to sustain their judgments. 26 Tex.Jur. 849, 874; Davis v. Bargas, 12 Tex.Civ.App. 59, 33 S.W. 548, par. 3; Davis v. Rankin, 50 Tex. 279; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161; Dillard v. Allison (Tex.Civ.App.) 40 S.W. 1023; Rains v. Reasonover, 46 Tex.Civ.App. 290, 102 S.W. 176. If this were not true, the parties might often experience great difficulty in getting out of the justice court so as to secure a trial in a court of record. The judgment here appealed from is in favor of the plaintiff and purports to be a final disposition of the case. Its only defect is that it does not state the exact amount for which judgment was rendered. It is ambiguous in this respect. In construing ambiguous judgments, it is always proper for the courts to look to the entire record, including the pleadings and the evidence offered in support thereof. **25 Tex.**

Jur. 461; Poitevent v. Scarborough, 103 Tex. 111, 124 S.W. 87; Lipsitz v. First National Bank (Tex.Com.App.) 293 S.W. 563. The appellant, who here complains of the insufficiency of the judgment rendered in the justice court, has not brought forward in the record the pleadings in that court, nor has she brought forward the evidence that was introduced in either justice or county court. Perhaps if this data had been brought forward, it would have been sufficient to satisfactorily explain the ambiguity in the judgment. Since she is the one attacking the validity of the judgment, the burden was on her to establish its invalidity and thus present error, Guerrero v. United States F. & G. Co. (Tex.Civ.App.) 101 S.W.(2d) 592, and in order to do so, she should have brought forward the entire record so as to have enabled this court to determine whether or not the judgment was in fact defective. She evidently thought the judgment was final, and that it would support an appeal, for she is the one who prosecuted an appeal therefrom to the county court. In view of appellant's failure to bring this data forward in the record, we cannot say that the county court was without jurisdiction to try the cause.

The judgment of the trial court is affirmed.