Roberts v. Stockslager.

### ROBERTS V. STOCKSLAGER.

The provisions of the statute as to the mode of service and the fullness of the return are as plain as they are imperative. They prescribe the mode by which the court acquires juris-diction over the person of the defendant; and as this is necessary to give validity to its acts and judgment, the regulations on the subject should be strictly observed by the offi-cers charged with the duty, and enforced by the tribunal before which the matters in controversy are to be determined. (Note 61.)

A return by the sheriff that he "left a copy of the writ and a true copy of the petition" is insufficient.

Where the return of the sheriff is insufficient, and judgment goes by default, the judgment is erroneous, and will be reversed on error, although the entry of the judgment recite that the defendant was legally served. But quere, whether the judgment would be treated as a nullity in a collateral proceeding. (Note 62.)

Error from Collin. The return of the sheriff was that he "left a copy of the writ and a true copy of the petition." Judgment for the plaintiff by default.

*Cravens,* for plaintiff in error. . The return of the sheriff shows that the process was served by leaving a copy; but with [308] whom it was left nowhere appears. The judgment being by default, and nothing appearing upon the record to bring notice of the pendency of this suit home to the defendant, it must be reversed.

*Everts,* for defendant in error.

HEMPHILL, CH. J. The judgment was rendered in this case by default, and it is assigned for error that the defendant had no notice of the pendency of the suit, a copy of the petition and citation not having been delivered to him, as required by the law.

The 14th section of the act to regulate proceedings in the District Courts directs the officer receiving process to execute the same, where not otherwise directed by the writ or citation, by delivering to the party or parties, in person, upon whom he is required to serve it, a copy thereof and a copy of the petition accompanying it, if there be one, if the party can be found. When the process directs other mode of service, it shall be executed according to the requirements of the process. (Acts of 1846, p. 368.) And by section 11 of the act concern-ing proceedings in District Courts (Laws of 1848, p. 106) the sheriff or other officer is required to state in writing on the back of the process, or attached thereto, the time and manner of the service, and to sign the same officially; and their duty as to the return of service is also especially enjoined by the 14th section of the act defining the office and duties of sheriffs. (Laws of 1846, p. 269.)

The return of the sheriff is that he left a copy of the writ and a true copy of the petition. This statement, without some additional facts as to the place or the person with whom the process was left, is unintelligible. In the petition for the writ of error the return of the sheriff, as there copied, shows that the copies were left at the house of the defendant, and this was probably the fact. It is one, however, which does not aid the defective service in this case, and if

154

## Roberts v. Stockslager.

it did, it could not be **[309]** noticed by the court, as the copy of the return certified by the clerk cannot be falsified or contradicted by the statement of the petition for the writ of error.

The provisions of the statute as to the mode of service and the fullness of the return are as plain as they are imperative. They cannot be mistaken, and the courts should not permit them to be disregarded. They prescribe the mode by which the court acquires jurisdiction over the person of the defendant; and as this is necessary to give validity to its acts and judgments, the regulations on the subject should be strictly observed by the officers charged with the duty, and enforced by the tribunal before which the matters in controversy are to be determined. The fact that the defendant has notice in the form prescribed by law is vitally essential to the jurisdiction of the court; and where the party does not appear, and thus waives defects of notice, it is the duty of the court to ascertain, before proceeding in the adjudication, whether the defendant has been legally brought within judicial cognizance in relation to the subject-matter then pending before the court. These remarks in relation to the duty of the courts are intended for courts generally, and have no more application to the tribunal where this cause was decided than to the other courts of the country. Every citizen is shielded by the Constitution from being deprived of life, liberty, property, or privileges, outlawed, exiled, or in any manner disfranchised, except by the due course of the law of the land.

This law requires that a copy of the writ and petition should be delivered to the defendant in person when not otherwise directed in the writ, and without this his rights cannot be adjudicated or divested. It is, says Chief Justice Bronson, a cardinal principle in the administration of justice that no man can be condemned or divested of his rights until he has had the opportunity of being heard. He must, either by serving process, appointing a guardian, publishing a notice, or in some other way, be brought into court; and if judgment is rendered against him before that is done, the proceedings will be as utterly **[310]** void as though the court had undertaken to act where the subject-matter was not within its cognizance. .(1 Hill R., 139.)

It is not necessary for the decision of this case to determine that the judgment is utterly void, and might in a collateral action be treated as a nullity. How far presumption would, in such action, supply a return where altogether wanting, or aid one which is defective, need not be inquired into, as the question which is made in this proceeding is in relation to the erroneousness, not the invalidity of the judgment.

It is stated in the judgment that the defendant was duly summoned. This is contradicted by the return of the sheriff showing that there was no summons, or none made in conformity with law.

How far the return of the sheriff might be aided by the entry in the judgment, were it impeached as absolutely void, might be made a question; but upon error the statement of the sheriff must be taken as showing truly and fully the facts in relation to the service, and that the deduction from these that the summons was duly made is erroneous.

The action of the court, predicated in part on this assumption, cannot be maintained, and it is therefore ordered that the judgment in this case be reversed and remanded, and a new citation is ordered to issue.

Ordered accordingly.

Note 61.—For particular defective returns see Goodlove v. Gray, 7 T., 483; Middleton v. The State, 11 T., 255; Bartlett v. Winkler, 15 T., 515; Graves v. Robertson, 22 T., 130; Willie v. Thomas, 22 T., 175; Hart v. Clifton, 19 T., 56; Underhill v. Lockett, 20 T., 130; Winans v. The State, 25 T. Supp., 175; Batey v. Dibrell, 28 T., 172; Hill v. Grant, 33 T., 132; Bendy v. Boyce, 37 T., 444; Tullis v. Scott, 38 T., 537; Johnson v. Barthold, 43 T., 556.

Note 62.—Callison v. Autry, post, 371; Thompson v. Griffis, 19 T., 115; Arnold v. Scott, 39 T., 378.