Wheelee, J.
The question to he determined is, the propriety of the overruling, in effect, of the exceptions to the petition for a certiorari, and dismissing the case brought up by it.
The case was heard on the questions of law raised by the exceptions to tlie petition. Tlie judgment of tlie court necessarily involved the overruling of tlie exceptions to the petition; for, upon the questions raised by the exceptions, the court proceeded to give final judgment, setting aside the proceedings before the justice, and dismissing tlie case. The case having been tried and finally disposed of on tlie exceptions to the petition, they cannot, as in cases 1 where tlie final trial is on other issues, be considered as having- been waived; though not expressly, they were virtually overruled.
The act of 1S4S, under which tills proceeding was instituted, does not expressly require that tlie complaint shall lie in writing. (Hart. Dig., art. 1432.) That, however, was probably the intention in requiring that the justice shall issue his summons “on complaint, upon oatli, of tlie party aggrieved,” &c. The remedy existed, under another name, previous to the act of 1848, and the former law required the complaint to be in writing-. (Hart. Dig., art. 1760.) Here tlie complaint is set out in writing in tlie summons, accompanied by tlie affidavit of tlie party, and embraces every essential requisite prescribed by the statute. No objection was taken before tlie justice that it had not been filed
127 *128 previously to the issuing of the summons; and the objection comes too late on the return to the certiorari in the District Court. Less strictness ought to be required in proceedings before a justice of the peace, than in the District Court, where parties are supposed to have the aid of counsel.
In McNeil v. Scofflekl, (3 Johns. R., 436,) the Supreme Court of New York held that, where the defendant in the justice’s court made no objection at the time to the form of the plaintiff’s declaration, he could not avail himself of any defects which might appear on the return to a certiorari. “ Where the party (the court said)-makes no objection to the pleadings at the time, but consents to go to trial upon them, we have repeatedly decided that lie shall not avail himself of any defects in the form of pleading which may appear on (he return to the certiorari. This court will look to the right and justice of the case, without regard to technical niceties or matters of form.”
The defendant in this case went to trial without objecting to the form in which the complaint was presented. The objection is one of mere form, and, if it would have been availing at any time, ought now to be deemed to have been waived.
The remaining ground on which it is insisted that the proceedings before the justice were rightly avoided and set aside is, that he did not give judgment upon the verdict of the jury, as prescribed by the statute. (Hart. Dig., art. 1434.)
The entry of the judgment is informal and defective, and does not pursue the directions of the statute. But great liberality and indulgence are extended to the proceedings of justices of the peace, who are supposed not to be skilled in the forms of judicial proceedings observed in courts of record. If their proceedings are intelligible, and attain the ends of substantial justice, they are generally sustained.
In a case decided in the Supreme Court of New York, (to which we have been referred by counsel for the appellants,) in an action before a justice of tlie peace, the defendant pleaded a former judgment for the same cause of action before another justice. It appeared in evidence that in the former action the jury found a verdict of “ no causo of action,” but the justice rendered no judgment upon the verdict. The plea having been overruled on a certiorari, it was held that the verdict was substantially a verdict for the defendant, and, though informal, the justice ought to have rendered judgment of coarse; that though no judgment was rendered, the verdict was a bar to a second suit; for the justice was bound to give judgment on the verdict. (2 Johns. R., 181.) The court said : uWe are to overlook matters of form, and to regard proceedings before justices of the peace according to the merits.” The entry of judgment was a thing of course; and in justice and sound policy tire verdict ought to be equally conclusive against a further litigation between the same parties, on the same matter, as if the formal entry of judgment had been made.
In the case before us the verdict of the jury found the issue for the plaintiffs. The judgment and writ of restitution were matter of right and of course. And although the formal entry of the judgment was not made by the justice, the plaintiffs ought not by this omission to bo defeated of their rights. There was a final determination of the matters in controversy in the suit. And it ought to he sustained as substantially and in effect a judgment sufficient to authorize the issuing of final process, or the revival of judgment by scire facias. To require .more than reasonable certainty and intelligibility in the proceedings of those inferior tribunals, would be (in the language of the Supreme Court of Tennessee) to defeat entirely their jurisdiction. (1 Humph. R., 84.) “Our courts (it was said) have always anxiously sought to support the proceedings of justices.” “On the grounds of public policy, of necessity almost, their proceedings must be upheld whenever possible.” (3 Id., 153.)
Upon neither of the grounds which we have considered, and upon which the certiorari appears to have been sustained and the proceedings before the justices dismissed, was the certiorari, in our judgment, maintainable. And it is manifest that the averments of the petition respecting the right of the party *129 and t.he merits oí tlie case were not sufficient to authorize the awarding oí the writ, since it is not alleged that the jjetitiouer interposed his matters of defense before the justice; nor is any reason assigned for his not having done so, or if he did, it is not shown or averred that the justice did not decide the case rightly on the whole evidence. In Ford v. Williams (6 Tex. R.) it was determined, in accordance with O’Brien v. Dunn, (5 Tex. R.,) that the petition for a certiorari must show on its face the error or illegality complained of by the petitioner, or that, by reason of some accident which he could not control, he had not made his defense before the justice. “It must (it was said) be shown that there was an attempt to make the grounds (relied on for the cer-tiorari) available on the trial, or the reasons why they were not presented must be alleged.”
Note 42. — Wahrenberger v. lloran, IS T.,67; Howerton v. Luelue, IS T.,237; Ayeoek «.wil-liams, 18 T.. 392; Davis v. Pinckney, 20 T., 340; Doyle v. Glasscock, 24 T., 200.
Rote 43. — King v. Dongcope, ante, 230.
We are of opinion that the petition for a certiorari did not disclose any sufficient grounds for the awarding of the writ, and that the judgment be reversed and the certiorari dismissed.
Reversed and dismissed.