JOHN WAHRENBERGER v. JOHN HORAN.

Title of the suit. Debt on Note $68 67. Credit by cash $22 27. Summons issued 11th day of November, A. D., 1846 ; returnable the 21st day of November, 1846. The defendant came forward and acknowledged judgment. Appeal taken by defendant to District Court ; held to be a sufficient entry of final judgment in a Justice's Court.
Whether a Justice's Court is a Court of Record in this State. Quere ?
The judgment of a Justice's Court is barred in ten years ; not sooner.

Appeal from Travis. Tried below before the Hon. John Hancock.

This suit was originally brought by the appellee against the appellant before W. H. Cushney, a Justice of the Peace, who rendered judgment in favor of the plaintiff on the 21st of November, 1846.

On the 25th of November, 1853, the plaintiff brought an action of debt on this judgment before J. T. Allen, a Justice

of the Peace, who rendered judgment in favor of the plaintiff, on the 7th of January, 1854. Defendant carried the case to the District Court by writ of certiorari, where the same judgment was rendered as in the Justice's Court.

It appears from the statement of facts that the following was the only record of the first judgment, appearing upon the docket of Cushney :

| (Title of the suit.) | Debt on Note | - | - | $68 67 |
| Credit by cash | - - - - - - | | | 22 17 |
| | | | | $46 50 |

Summons issued 11th day of November, A. D. 1846 ; returnable the 21st day of November, 1846.

Nov. 21st, 1846. The defendant came forward and acknowledged payment. Appeal taken by defendant to District Court.

(For the result of this appeal, see 2nd Tex. 291, and 9 Tex. 313.)

The defence in this suit on the judgment of 1846, was that it was no judgment, and that it was barred by the statute of limitations.

*Du Val*, for appellant.

*Lee* and *Megginson*, for appellee.

WHEELER, J. Tested by the rules which have been observed by this Court, in reference to judgments in Justice's Courts, it must be held that the transcript from the magistrate's docket shows a valid judgment. It shows its amount, and the date of its rendition, and that an appeal was taken therefrom to the District Court. Though informal, it was intended by the Justice as the entry of judgment for the plaintiff ; and is to be so taken. The only question, therefore, is whether the suit upon it was barred by the statute of limitations.

The only limitation of actions upon judgments is that pre-
scribed in the second Section of the Act of the 5th of February,
1841, which is ten years upon judgments of any court of re-
cord (Hart. Dig. Art. 2378.)

Whether Justice's Courts in this State are to be deemed, for
any purpose, courts of record, has never been determined by
this Court.   In some of the States they are so held.   At com-
mon law, any jurisdiction which has the power to fine and
imprison is a Court of Record.   (Bouv. L. Dic., tit. " Court of
Record.")   But it is not material now to determine that ques-
tion.   For if not Courts of Record, their judgments are not within
any provision of the Statute of Limitations.   They are not " any
contract in writing," nor are they " open accounts."   They are
not, like foreign judgments, but *prima facie* evidence of debt,
and therefore in the nature of simple contract debts ; but,
like the judgments of Courts of Record, they are conclusive
evidence of debt, and therefore in the nature of, if not in fact,
debts of record.   They have the same conclusive force and
effect, as the judgment of any Court of Record ; and the ana-
logy, in the absence of any provision in the Statute directly ap-
plicable to them, would seem to require that they be barred by
the same period of time.   They certainly are  more nearly an-
alogous to the judgments of Courts of Record, than to con-
tracts in writing, (which is the only other term to which they
could, with any regard to analogy or propriety, be referred ;)
for they have all the essential properties of the former, but
not of the latter.   We conclude, therefore, that the proper pe-
riod of limitation to apply to them, is the same as prescribed to
actions upon the judgments of Courts of Record ; that is, ten
years.   Consequently the right of action in this case was not
barred by the Statute.   There is, therefore, no error in the
judgment, and it is affirmed.

Judgment affirmed.