# SUPREME COURT OF TEXAS.

## GALVESTON, 1857.

---

### W. J. HOWERTON v. WILLIAM H. LUCKIE AND OTHERS.

Where in a suit against several in a Justice's Court, the original citation was returned served on all of the defendants except one, and the cause was continued for service, and citation was issued for the other defendant and returned "executed by serving copy, 5th April, 1855," and the minutes of the Justice's Court showed the following entries : "April 28th, offset proven and "allowed, $20 50 ; Decree for balance, $70 50 ;" it was held that the judgment was not a judgment by default, upon its face, but a judgment upon appearance and trial, as to all of the defendants.

Where there are several defendants in a suit in a Justice's Court, one of whom, for example, has not been duly served with process, and the judgment is rendered against all as upon appearance and trial, or does not expressly purport to have been given by default, it would seem that the defendant not duly served, in order to impeach the judgment for want of legal service upon him, must allege and prove that he did not appear in the Justice's Court.

Appeal from Lavaca, brought to Galveston by consent. Tried below before the Hon. Fielding Jones.

Suit by appellant against appellee, to enjoin a judgment re-

covered by the latter against the former in a Justice's Court. The petition contained a prayer for general relief. The defendant answered a general demurrer and general denial. A jury was waived, and the cause submitted to the Court upon the evidence, which was as follows : The Justice of the Peace was sworn, and proved a copy of his docket entries as follows : " William H. Luckie for the use of R. R. Smith v. King, " Howerton and others. Debt on note; $90. Interest from " March 1st, 1855. Continued for want of service on Hower- " ton. April 28th, offset proved and allowed for $20 50. " Decree for balance, $70 50." The Justice then proved the original citation ordering the officer to summon all of the defendants, naming them, " to answer the complaint of W. H. " Luckie, for the use of R. R. Smith, in a plea of debt on note " for ninety dollars, payable the first day of March, 1855, and " dated the 19th December, 1854." Returned served on all but Howerton. Another citation which ordered the officer to summon W. J. Howerton, " to answer the complaint of W. H. " Luckie in a plea of debt on note for ninety dollars, payable " the first day of March, 1855, dated 19th December, 1854." Returned " executed by serving copy 5th April, 1855." The Justice was not asked whether Howerton was present at the trial.

The Court gave judgment for the defendant, and plaintiff appealed.

*F. S. Stockdale*, for appellant.

*Cunningham & Holt*, for appellees.


WHEELER, J. The judgment of the Justice is not a judgment by default. It appears to have been rendered upon a trial, in which the plaintiff's demand was reduced by proof of a set off. The fair deduction is, that the plaintiff in the injunction appeared with his co-defendants before the Justice,

and made his defence ; and this was a waiver of any objection he might have to the citation and service. Upon the evidence, the Court did not err in dissolving. the injunction and giving judgment for the defendants therein. The judgment is affirmed.

Judgment affirmed.