### James L. Davis and Wife v. William E. Pinckney.

A Justice's Court has jurisdiction of a suit for the balance of an account, where such balance does not exceed $100, notwithstanding the debit side of the account may amount to more than that sum.   Here the debits amounted to $122 70, and the credits to $23 95.

The Opinion in Blankenship v. Adkins (12 Tex. R. 536) must be understood in reference to the case before the Court; and so understood, it is not an authority for denying the jurisdiction of the Justice in this case.

A bond for certiorari under Art. 1753, Hart. Dig. is required to be in double the amount in controversy, which is the amount of the judgment of the Justice's Court, and does not include the costs.

It would seem that where a case is tried by a jury in a Justice's Court, the entry of the verdict on the Justice's docket is a sufficient entry of judgment.

Error from Bastrop.   Tried below before the Hon. A. W. Terrell.

Suit by William E. Pinckney against James L. Davis and wife, in a Justice's Court, to May Term, 1856, on an account, the debit side of which amounted to $122 70, and the credit side to $23 95; the credits consisted of corn got by the bushel from time to time; cash, $11; and account at Floyd's, $7 70; the entry on the Justice's docket stated that the suit was brought on "an open account in the sum of $98 75, dated Oct. 18th, 1854." There was a jury trial and a verdict for the plaintiff, July 19th, 1856, for $98 75, "with interest at eight per cent. from the date of the account, and all costs of suit." This verdict was entered on the Justice's docket, but there was no further entry of judgment.   The account did not show the date at which it was rendered.   The oldest charge was dated Oct. 18th, 1854, the

most recent January 13th, 1855. Accompanying the transcript from the Justice's Court was a bill of costs amounting to $72 88. (The exact date of bringing the suit did not appear.) Defendant obtained a certiorari, alleging the verdict as above stated, and that judgment was rendered thereon by the Justice. The bond given by defendant, for the certiorari, was in the sum of $220. At the return Term plaintiff moved to dismiss the certiorari, on the ground that the bond was not " in double the amount of the judgment of the Justice's Court and costs;" and that said bond was " for $220, and the amount of the judgment of the Justice's Court and the costs of said Court amount to $150." Same Term, to wit: Fall Term, 1856, motion to dismiss sustained, and time given defendant until next Term to file a new bond. There being no Spring Term, 1857, of said Court, at the Fall Term, 1857, plaintiff again moved to dismiss the certiorari, on the ground that defendant had failed to give a new bond, and the motion was sustained, " the defendant having failed to file a new bond in accordance with the order of this Court of a previous Term."

*G. W. Jones*, for plaintiffs in error. The bond is required to be in double " the value of the amount in controversy." (Hart. Dig. Art. 1753.) The "matter in controversy" is the judgment of the Justice's Court. (King v. Longcope, 7 Tex. R. 236.) The judgment is for ninety-eight $\frac{75}{100}$ dollars, and the bond is for two hundred and twenty dollars; more than double. An account cannot draw interest, and interest having been found by a jury is invalid: is in fact no part of the judgment, and could not be added to the amount in controversy to increase the amount of the bond. Again, the cost is not a part of the matter in controversy—it is an incident of the litigation—a something growing out of it—the price of justice—and could not have been intended to be included in the " value of the matter in controversy."

*Hancock & West*, also, for plaintiffs in error. There is another objection to this judgment, that we deem conclusive of the whole matter. Had the District Court jurisdiction of the subject of certiorari at all? By reference to the transcript it will be seen that the original indebtedness was $122 70; and the party should have brought suit on his original cause of action in the District Court. (Bankenship v. Adkins, 12 Tex. R. 536.)

*C. C. & A. D. McGinnis,* for defendant in error. The judgment was for $98 75, with eight per cent. interest from the date of the account, making principal and interest $112 58, and costs of three Terms of *Justice's* Court $92 68; so that we see, that the judgment recovered by appellee against appellants in the Justice's Court, was two hundred and five $\frac{26}{100}$ dollars. (Hart. Dig. Art. 1740, 1753.)

In the case of *King v. Longcope,* 7 Texas, this Court held it was sufficient for the certiorari bond to be in double the amount of the judgment; but we contend the bond given in this case is not for double the amount of the judgment in the Justice's Court, exclusive of $92$\frac{68}{100}$ costs, which we contend is part of the judgment recovered. The judgment is for $112 58, without the costs.

WHEELER, J. The suit was upon an account exhibiting debits and credits, showing the balance claimed to be within the jurisdiction of the Justice. The suit was therefore properly brought in the Justice's Court. The language of the Opinion in Blankenship v. Adkins, (12 Tex. R. 536,) referred to by counsel, might seem to favor the supposition that because the debit side of the account exceeded the Justice's jurisdiction suit should have been brought in the District Court. But by reference to the facts of that case, it will be seen that the decision was upon a very different state of case from the present. The Opinion must be understood in reference to the case before the Court, and so understood, it is not an authority for denying the jurisdiction of the Justice in this case.

In King v. Longcope, (7 Tex. R. 236,) we held that a bond in double the amount of the judgment sought to be reversed, was a substantial compliance with the provision of Article 1753 of the Digest. The costs of the litigation constitute no part of the "amount in controversy," and there is no authority in the statute or any decision of the Court, for requiring that the bond be in double the amount in controversy or judgment and costs. The bond was sufficient in amount, and the Court erred in dismissing the case. The judgment is reversed and the cause remanded.

### REHEARING.

WHEELER, J. When the judgment in this case was pronounced, some days since, it escaped our attention that the judg-

ment of the Justice embraced interest upon the demand of the plaintiff. Including the interest as found and required to be computed by the verdict in the Justice's Court, the bond was not in a sufficient amount, by the criterion adopted in King v. Longcope. (7 Tex. 236.) The judgment heretofore rendered in the case at this Term must therefore be set aside and the judgment of the District Court be affirmed.

Judgment affirmed.