McAlpin & Co. v. Bennet.

R. M. McALPIN & Co. v. WM. H. BENNET AND ANOTHER.

Where a case, remanded for a new trial, comes up again after such second trial, the transcript should contain the mandate; otherwise upon the face of the record, the subsequent proceedings would appear to be without authority.

Judgment for costs only, no final judgment.

Appeal from Harrison. Tried below before Hon. C. A. Frazer.

At the Spring Term, 1857, there was rendered a final judgment in this case. There was notice of appeal, but nothing in the record showing that the appeal was prosecuted or the cause remanded. At the Spring Term, 1858, there was another trial and verdict, and a defective judgment.

*W. H. Barstow*, for appellant.

*P. Murrah*, for appellee.

HEMPHILL, CH. J. If the principles of the decision in Bissell v. The City of Lavaca, (6 Tex. R. 54,) were applied to this case, the appeal would be dismissed on the ground that the proceedings after the Spring Term, 1857, were nullities.

At that Term there was a final judgment, viz: that the plaintiff take nothing, &c., and the defendant go, &c., with notice of appeal.

This was an end of the cause. The controversy was settled by the solemn judgment of the Court, unless that were set aside or reversed in the Supreme Court, and remanded for a new trial.

That this was done is not shown by the transcript. The pleadings and proceedings continue, (as if there had been no such judgment,) resulting in another trial, and an attempt at another final judgment, the first, for aught that appears on the transcript, still remaining in full force and unreversed. The record is contradictory and repugnant in itself. Where causes are remanded for a new trial, the mandate should be transcribed otherwise, the subsequent action of the Court would, according to the record, be without authority. Formerly the mode was to copy the madates in the transcript. This, for some time, has been somewhat neglected. But the original practice was the proper one, and should be enforced. But the ground on which this appeal must be dismissed is that there is no final judgment in the cause. The verdict was for defendants, and the judgment, instead of being that the plaintiff should take nothing, &c., was simply that the defendant, for the use of the officers of the Court, should recover all costs, &c. We have held in numerous causes that this is not such final judgment, as will authorize an appeal, and it is ordered that the same be dismissed.

Appeal dismissed.