## G. L. GIERSA v. J. D. YOCUM.

(No. 2597, R. Book No. 4, p. 282.)

APPEAL from Grayson County. Opinion by WILLSON, J.

§ 310. *Judgment in justice's court final, when.* Where the judgment in the justice's court was as follows: "This cause came on for trial, and the plaintiff and defendant appeared by counsel. The court, after hearing the evidence in this case, gave judgment against the plaintiff for all costs of this suit, for which let execution issue,"— *held*, that the judgment was not a final judgment, and the county court did not err in dismissing the appeal.

In support of the finality of the judgment, counsel for appellant cite Clay v. Clay, 7 Tex. 250; Wahrenberger v. Horan, 18 Tex. 57, and Aycock v. Williams, 18 Tex. 392. It is to be remembered, however, that those decisions were upon the law as it aforetime was. There are new provisions in the Revised Statutes which provide the rule of practice. Art. 1613 provides that "the judgment shall be recorded at length in the justice's docket, and shall be signed by the justice. It shall clearly state the determination of the rights of the parties in the subject matter of controversy and the party who shall pay the costs, and shall direct the issuance of such process as may be necessary to carry the judgment into execution." Art. 1620 provides that "the rules governing the district and county courts in relation to judgments shall apply also to the justices' courts in so far as they may not be in conflict with some provision of this title." Applying these rules to the above judgment, and it is clear that it is not a final judgment. To have been a final judgment, it should have clearly stated that the plaintiff should take nothing by his suit against the defendant, and that the defendant should have and recover of the plaintiff the costs of the suit, etc. [Green v. Banks, 24 Tex. 525; Holt v. Wood, 23 Tex. 474; Martin v. Wade, 22 Tex. 224; McAlpin v. Bennett, 21 Tex. 535; Herndon v. Rice, 21 Tex. 456.]

April 14, 1883.                            Affirmed.