GEORGE BROWN v. J. H. McCLENDON.

Decided June 26, 1909.

**Jurisdiction—Appeal from Justice Court—No Final Judgment.**

　　Where it appeared from the record on appeal to the Court of Civil Appeals that what was intended as a final judgment in a Justice Court was no more than a recitation that a jury returned a verdict for the defendant, but no award or decree by the court was based on said verdict; that there was no appeal bond or other notice of appeal to give the County Court jurisdiction; and that the case was tried in the Justice Court out of regular term time, the Court of Civil Appeals would have no jurisdiction and the appeal should therefore be dismissed.

　　Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*W. H. Sewell* and *W. T. Potter,* for appellant.

*Scarborough & Hickman,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee objects to our considering any of appellant's assignments of error presented in his brief for the

reason that no assignments were filed below.   We would sustain this objection, but beyond it is the more serious question arising from the fact that an inspection of the record discloses there was no final judgment in the Justice's Court if we assume, as we must, that the cause was appealed to the County Court from the Justice's Court.   We say *assume* because there is neither an appeal bond nor other notice of appeal to give the County Court jurisdiction, even though there had been a final judgment in the Justice's Court.   What purports to be the final judgment in the Justice's Court is no more than a recitation that a jury impaneled in the case returned a verdict for the defendant, but there is no award or decree of any character whatever by the court based upon this finding.   Besides, the recitation referred to shows that the cause was heard out of regular term time.   The statute (article 1575) provides that "each justice of the peace shall hold a term of his court for civil business once in each month, and may transact such business out of term time as is or may be authorized by law," but we have not thought it necessary to inquire if in any case a cause may be heard on its merits out of term time, since, as we have indicated, there was no final judgment entered.   The County Court having no jurisdiction, and which want of jurisdiction is apparent on the record, the judgment is reversed and the cause remanded with instructions to dismiss the appeal unless a final judgment is shown to have been entered in the Justice's Court.

*Reversed and remanded with instructions.*