HOLLINGER et al. v. HANCOCK.

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1912.)

JUSTICES OF THE PEACE (§ 146*)—APPEALS—JUDGMENT—NECESSITY.

In a suit in the justice's court, where the jury returned a verdict and no judgment was rendered thereon, the record reciting that the plaintiff appealed from said verdict, the appeal must be dismissed for lack of a judgment, for Sayles' Ann. Civ. St. 1897, arts. 1641, 1643, 1650, providing that the justice shall announce the verdict, and render judgment thereon, which shall be recorded, and that the rules governing the district and county courts as to judgments shall apply to justice's courts, necessitate the rendition of a judgment as a condition precedent to an appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 490–492; Dec. Dig. § 146.*]

Appeal from Menard County Court; J. D. Scruggs, Judge.

Action by W. T. Hancock against E. B. Hollinger and others. From a verdict in the justice's court, plaintiff appealed to the county court, where the judgment went against

defendants, and they appeal. Reversed, and cause dismissed.

S. C. Rowe, of Menard, and W. C. Linden, of San Antonio, for appellants. Shropshire & Brown, of Brady, for appellee.

FLY, C. J. This is a suit for the possession of a horse, valued at $75, instituted by appellee in the justice's court. Under the permission of this court, a corrected transcript from the justice's court to the county court has been filed in this cause. E. B. Hollinger impleaded H. B. Opp, and prayed for judgment against him, as vendor of the horse, for $50, and for $110 for food and care of the horse. The jury rendered a verdict in favor of appellee for the horse and in favor of Hollinger against Opp for $50, amount paid by the former to the latter for the horse, and for $110 for food and care of the horse. From the judgment rendered on that verdict, both Hollinger and Opp have appealed to this court.

The transcript of the justice's court shows that the parties announced ready for trial at a regular term; that a jury was impaneled and sworn; that testimony and argument were heard, and the jury retired to consider their verdict, and returned into court this verdict: "We, the jury, find for the defendant and award the horse in controversy to H. B. Opp." No judgment was rendered by the justice of the peace on that verdict, but it is stated on the docket: "From which verdict the plaintiff appeals to the county court of Menard county, Texas." The contention is that there was no final judgment in the justice's court, and consequently nothing upon which to base an appeal to the county court. There was no entry of judgment by the justice of the peace. In article 1641, Revised Statutes of 1897, it is required in justice's courts that the justice shall announce the verdict in open court, and note it in his docket, and shall proceed to render judgment thereon. In article 1643 it is provided that the judgment must be recorded at length in the justice's docket, and shall be signed by the justice, that "it shall clearly state the determination of the rights of the parties in the subject-matter of controversy and the party who shall pay the costs, and shall direct the issuance of such process as may be necessary to carry the judgment into execution." In order that there may be no doubt as to what rules shall be applied to judgments of justices' courts, article 1650 provides: "The rules governing the district and county courts in relation to judgments shall apply also to the justice's courts in so far as they may not conflict with some provision of this title." The transcript from the justice's court fails to show any judgment that would meet the requirements of the statutes cited.

Great liberality and indulgence has been

extended to judgments of justices of the peace, especially in the older decisions rendered before our present laws were enacted. Clay v. Clay, 7 Tex. 250; Wahrenberger v. Horan, 18 Tex. 57. Those decisions and like ones were rendered, however, in regard to acts of justices of the peace prior to the enactment of our present statutes. Giersa v. Yocum, 1 White & W. Civ. Cas. Ct. App. § 310. And, even under our present laws the great strictness with which the judgments of the district and county courts would be scrutinized would not be applied to judgments of the justices' courts, still they must render some kind of judgment, and show some sort of desire to comply with the law. Rains v. Reasonover, 46 Tex. Civ. App. 290, 102 S. W. 176. It does not appear that the justice of the peace even announced his judgment under the verdict, which was held sufficient in Winstead v. Evans, 33 S. W. 580. In the case now before this court, the justice of the peace appears to have taken no action whatever after the verdict was returned, and the appeal is taken from the verdict, and not from a judgment of the justice. The present statutes in regard to judgments of justices of the peace were passed for some purpose, and there should be an effort, however faint and weak it might be, to obey their requirements.

There being no judgment rendered in the justice's court, the county court had no jurisdiction, and its judgment is reversed, and the cause dismissed.

MOURSUND, J., did not sit in this case.