**CHALK v. CHASTEEN et al.    (No. 3140.)**

(Court of Civil Appeals of Texas.   Texarkana.
Dec. 17, 1925.   Rehearing Denied
Dec. 31, 1925.)

1. **Justices of the peace** ⚖—164(1)—**County court held not to have jurisdiction of appeal from justice court, where judgment was not included in transcript.**

County court *held* not to have jurisdiction of appeal from justice court, where judgment was not included in transcript, in view of Rev. St. 1911, arts. 2366, 2396.

2. **Justices of the peace** ⚖—164(2)—**Carbon copy of judgment in justice court not sufficient to show judgment on appeal.**

On appeal from justice court, where judgment was not included in transcript, as required by Rev. St. 1911, art. 2366, carbon copy of judgment prepared by attorney, found among papers without any official authentication, *held* not sufficient compliance with statute.

Appeal from Bowie County Court; S. I. Robison, Judge.

Suit by L. O. Chasteen against S. L. Chalk and another in Justice Court.   The case was appealed to the County Court.   Judgment for plaintiff, and defendant named appeals.   Reversed and remanded, with instructions.

Patman & Mosely and L. C. Boswell, all of Texarkana, for appellant.

Keeney & Dalby, of Texarkana, for appellees.

HODGES, J.   This suit originated in the justice court.   Chasteen sued Atchley and Chalk to recover the value of 1,500 pounds of seed cotton.   On appeal to the county court, written pleadings were filed.   In his answer, Chalk objected to the jurisdiction of the county court, because the transcript from the justice court did not show that a final judgment had been rendered in the case.   A bill of exceptions reserved at the time shows the following proceedings:

"Be it remembered that upon the trial of the above entitled and numbered cause on the 3d day of April, A. D. 1925, and same being the first term of the county court had after the transcript from the justice's court of precinct No. 3 had been filed in this court, the said defendant, S. L. Chalk, duly presented his motion to the court to dismiss said appeal for the reason that the transcript from the justice's court did not contain a certified copy of the judgment rendered in the justice's court; there was found, however, loose in the court papers in said cause a copy of what purported to be a judgment rendered in the justice's court in cause No. 294, O. L. Chasteen, Plaintiff, v. S. N. Atchley et al., Defendants.   The court overruled defendant's motion to dismiss, and ordered that the said judgment be attached to the transcript of judgment from the justice's court, to which action of the court the defendant then and there excepted and was allowed his bill of exceptions by the court.

"The foregoing bill of exception No. 1 is allowed, with the following qualifications:   When the motion to dismiss came up, the court called for the justice's transcript.   There was with the papers a transcript duly certified to in cause No. 294, L. O. Chasteen v. S. N. Atchley, in the justice's court.   Accompanying this transcript was a carbon copy of a typewritten judgment in cause No. 294 in the justice's court, which had been sent to J. R. Sellers, justice of the peace, before whom the case was tried, to attach to his transcript in this cause.   This was sent to said justice by counsel for plaintiff, who drew the judgment entered in the justice's court, and was sent up with the transcript by the justice of the peace.   In preparing this judgment plaintiff's counsel got Chasteen's initials 'O. L.' Chasteen, instead of 'L. O.,' but, considering the typewritten copy of the judgment accompanying it as part of the transcript, it was entirely clear to the court what the judgment and entries in cause No. 294 in justice's court, the cause appealed from, was; and these matters appearing to the court from the statement of counsel, and not being in any way controverted, the court decided that the use of the initials 'O. L.,' instead of 'L. O.,' Chasteen in the typewritten copy, was surplusage."

[1, 2] We are of the opinion that the objection was well taken, and should have been sustained.   Article 2396 of the Revised Statutes of 1911, in effect when this case was tried, required that in appeals from the justice court to the county court—

"it shall be the duty of the justice who made the order immediately to make a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county."

Article 2366 of the same revision requires that the judgment rendered by a justice of the peace shall be recorded at length in his docket.   It is clearly contemplated that the judgment rendered by the justice shall appear as a part of the transcript which he is to make out, certify, and transmit to the clerk of the county court in case of an appeal.   According to the facts here stated in the bill of exceptions, that was not done in this instance.   The only evidence that a final judgment had been rendered in the justice court was to be found in a carbon copy of a judgment prepared by an attorney.   This carbon copy was found among the papers and without any official authentication.   Such a record is not a compliance with the requirements of the statute regulating appeals from justice courts.   Wells et al. v. Driskell, 105 Tex. 77, 145 S. W. 335, and cases there referred to.   There was no other evidence showing that a final judgment had been rendered, and no reason was given for a failure

(279 S.W.)

to have an authenticated copy of a judgment incorporated in the transcript sent to the county clerk.

The judgment will be reversed, and the cause remanded to the county court, with instructions to dismiss the appeal.