ROBERTS et al. v. CITY GROCERY CO.

No. 1946.

Court of Civil Appeals of Texas. Beaumont.
March 27, 1930.

Adams & Hamilton, of Jasper, for appellants.

Bogard & Anderson, of San Augustine, for appellee.

WALKER, J.

This suit was filed in justice court of San Augustine county by appellee, a partnership, as plaintiff, against defendants, E. H. Roberts, Ike Roberts, and Cora Parker, to recover the sum of $158.99. Pending trial an attachment was sued out and levied upon one bale of cotton. The following is the judgment rendered upon the trial in the justice court: "30th day of December A. D. 1927, Judgment sued for against Defendants E. H. Roberts and Mrs. Cora Parker together with all costs incurred and a further judgment for plaintiff for foreclosure of an attachment lien on bale of cotton Mrs. Cora Parker bought of Holly Fussell to amount of $47.-50."

Thereupon defendant Ike Roberts filed his appeal bond to the county court, and defendant Cora Parker perfected her appeal by the statutory affidavit of inability to pay costs. In county court, judgment was in favor of plaintiff against defendants by default. Motion for new trial was duly filed by defendants and, upon the same being overruled, they have duly prosecuted their appeal to this court

The appeal must be dismissed because the judgment rendered by the justice of the peace was not a final judgment as contemplated by article 2454, R. S. 1925, which provides: "A party to a final judgment in any justice court may appeal therefrom to the county court," etc.

The defect in the judgment was the failure to dispose of the defendant Ike Roberts, who, on the recitations of the citation, was both a proper and necessary party to appellee's cause of action. It is manifest upon the face of the judgment rendered by the justice of the peace that no disposition whatever was made as to him. The law was thus stated by the court in Parker v. Emerson (Tex. Civ. App.) 176 S. W. 146, 147: "The decisions of this state are uniform to the effect that in order for the judgment of a

court *to be final* it m'ust dispose of all * * * the parties to the suit."

As the judgment appealed from was merely interlocutory, the county court acquired no jurisdiction by virtue of the appeal bond executed by defendant Ike Roberts, nor the affidavit of inability to pay costs made by defendant Cora Parker. Patterson Produce Co., v. Tombs (Tex. Civ. App.) 14 S.W.(2d) 959; White v. Smith (Tex. App.) 15 S. W. 1111.

It follows that the judgment must be reversed, and the cause remanded to the county court, with instructions to dismiss the appeal.