## KILGORE NAT. BANK v. MOORE BROS. LUMBER CO.

### No. 4489.

Court of Civil Appeals of Texas. Texarkana.

May 21, 1934.

Rehearing Denied May 31, 1934.

H. O. Gossett and O. M. Wroe, both of Longview, for appellant.

M. M. Williams, of Longview, for appellee.

JOHNSON, Chief Justice.

Appellee, Moore Brothers Lumber Company, sued J. O. Waddell and appellant, the Kilgore National Bank, in the justice court of Gregg county. The suit was based upon a check for $177.25, given by Waddell to appellee in payment of lumber, and drawn upon appellant, bank, and which appellee claimed the bank had become liable to pay. Upon trial in the justice court, May 12, 1932, judgment was rendered in favor of the bank, and against Moore Brothers Lumber Company. The defendant, Waddell, was not disposed of by the judgment. Plaintiff appealed to the County Court. The bank filed a motion in the county court to dismiss the appeal for the reason that the appeal was not from a final judgment, in that it did not dispose of one of the parties. The motion was sustained, and judgment was entered in the county court dismissing the appeal, September 28, 1932. On October 1, 1932, a second judgment was entered in the case in the justice court, which judgment was against the plaintiff and in favor of the defendant bank, and dismissed as to defendant Waddell, thus disposing of all the parties. From this second judgment plaintiff appealed to the county court. The bank filed a motion to dismiss the second appeal, and assigned as grounds therefor: "Because all lawful proceedings under said cause against this defendant were duly terminated, adjudged and decreed by this Honorable County Court in the September, 1932, Term hereof, and the same is now res judicata." The motion was overruled, and the case proceeded to trial before the court, without a jury, upon oral pleadings, taken by the reporter, subsequently transcribed and filed. The trial resulted in a judgment in favor of plaintiff, Moore Brothers Lumber Company, and against defendant bank, for the amount of the check and interest. The bank has appealed. The principal points presented by the appeal are two. Appellant contends, in substance: (1) That the trial court erred in overruling its motion to dismiss the second appeal; and (2) that the judgment is not supported by pleadings nor evidence having legal

effect to fix liability against the appellant bank.

■ The court did not err in overruling appellant's motion to dismiss the appeal, termed the "second" appeal. The county court acquired no jurisdiction over the case by the proceedings termed the "first" appeal. Only a *final* judgment in the justice court can be appealed from. Article 2454, R. S. 1925. A judgment which fails to dispose of all the parties is not a final judgment from which an appeal can be taken. Simpson v. Bennett, 42 Tex. 241. The first judgment rendered in the justice court did not dispose of the defendant J. O. Waddell. It was not a final judgment, and the county court acquired no jurisdiction by reason of the attempted appeal therefrom. Roberts v. City Grocery Co. (Tex. Civ. App.) 26 S.W.(2d) 740; Brown v. McClendon, 56 Tex. Civ. App. 551, 121 S. W. 903; White v. Smith (Tex. Sup.) 15 S. W. 1111. Hence appellant's proposition that the judgment of the county court dismissing from its docket the first appeal from the justice court was res judicata of the matters presented by the second appeal is not sound.

■■ Concerning the second point raised by the appeal, it is the contention of appellant, in substance, that, as a matter of law, liability against the bank could not be predicated upon the pleadings nor the evidence, in that it was not pleaded nor proven that there was an acceptance of the check by the bank "in writing and signed by the bank," as provided in the Negotiable Instruments Act, article 5941, § 132, R. S. 1925; and that the check itself did not operate as an assignment of the funds of Waddell on deposit with the bank, section 127, article 5940, and section 189, article 5947, R. S. 1925.

Appellee in effect pleaded an assignment of said funds, independent of the check itself agreed to by all the parties. Appellee, in substance, testified that Waddell offered him two checks in payment for lumber which he desired to buy from appellee at Grand Saline, Tex. Each check was for $177.25, drawn on appellant bank, signed by Waddell, and payable to the order of appellee; that before delivering the lumber he telephoned appellant bank of the proposed transaction, inquired if the checks would be paid, and, informed by a representative of the bank that Waddell had the money on deposit in the bank and that the checks would be paid, he then delivered Waddell the lumber and accepted the checks; that he deposited the checks in a bank at Grand Saline, and that they were returned in a few days unpaid; that he located Waddell and carried him to Kilgore to appellant bank; whereupon the cashier and Waddell "straightened the matter out," and "Mr. Waddell told the cashier to pay the checks and he said that he would, and asked me if I had the checks with me; I told him I didn't, but that I would go 'phone the bank at Grand Saline to send them through"; that the bank at Grand Saline "sent them through." One of the checks was paid, and the other was returned unpaid. It appears from the testimony of the cashier of the appellant bank that Waddell ordered the bank to "stop payment" on the check which was by it returned unpaid. Waddell's reason, if any, for ordering payment of the check stopped is not explained in the record. There is evidence of a written notation having been made in connection with the transaction on ledger leaf of Waddell's account in the bank, but it is not shown to have been *signed*.

Section 132, art. 5941, the Negotiable Instruments Act, provides a mode of fixing liability upon the drawee bank by procuring its acceptance or certification of a bill or check "in writing and signed by the drawee." Sections 127 and 189 provide that a bill or check does not *of itself* operate as an assignment of the funds of the drawer in the hands of the drawee, but the provisions of the act do not forbid the parties from creating an assignment of such funds "by their agreement or understanding, oral or otherwise, in addition to the check that such shall be the effect of the transaction." Hatley v. West Texas National Bank of Big Springs (Tex. Com. App.) 284 S. W. 540, 541. The right of contract is held not to be limited by the statutory provisions, and that an assignment of such funds may otherwise be effected. Slaughter v. First National Bank of Lamesa (Tex. Civ. App.) 18 S.W.(2d) 754; Green v. Brown (Tex. Civ. App.) 22 S.W.(2d) 701. The pleadings and the evidence of the plaintiff establish an equitable assignment of the fund in controversy, consented to by the appellant bank. Appellant's assignments of error contending that liability cannot thus be predicated for want of written acceptance signed by the bank are respectfully overruled, under authority of the cases above cited.

Appellant has made other assignments, all of which we have examined; but finding no error presented, they are respectfully overruled.

The judgment of the trial court is affirmed.