## VICTORY et al. v. SCHNEIDER.

### No. 5437.

Court of Civil Appeals of Texas. Amarillo.

April 13, 1942.

Supplemental Opinion June 8, 1942.

Rehearing Denied July 6, 1942.

Travis Smith, of Seagraves, for appellants.

R. P. Moreland, of Plains, for appellee.

FOLLEY, Justice.

This is an attempted appeal from a judgment in the County Court of Yoakum Coun-

ty in a cause originating in a justice of the peace court.

The brief of the parties attempting to appeal states that the suit was originally filed by C. E. Schneider in the justice court against J. H. Victory, Warner Victory, O. C. Robbins and Arthur Tucker, seeking judgment for groceries sold by Schneider to Robbins and Tucker, employes of J. H. Victory and Warner Victory, for which J. H. and Warner Victory were alleged to have guaranteed payment. According to such brief, Schneider recovered judgment against the four defendants in the justice court for $140.47. In the county court, although the same four defendants were made parties by the written pleadings of Schneider, no judgment was sought or rendered against Robbins and Tucker. The judgment in the county court was in favor of Schneider for the same amount, but against only J. H. Victory and Warner Victory, who have attempted to prosecute this appeal.

The only showing in the record before us of the proceedings had in the justice court is a transcript of the docket of the justice of the peace which shows that C. E. Schneider was plaintiff and "J. H. Victory et al." were defendants, without designating the defendants other than J. H. Victory. This docket sheet transcript also shows the bill of costs, that it was a suit upon an open account for $140.47, and that citation was issued, executed and returned, but fails to name the defendants cited or served. Such transcript further recites: "Judgment rendered by Jury in favor of Schneider plaintiff for the sum of $140.47 & all court costs. Defendant appealed to county court." Further than this, such transcript of the justice of the peace docket shows nothing. Particularly, the record before us fails to show the pleadings, if any, filed in the justice court, the judgment rendered, other than that which might be presumed from the above recitation, or any citation or return thereon, or notice of appeal, or any appeal bond attempting to remove the cause to the county court. Therefore, the transcript filed in this Court does not disclose any fact that would give the county court jurisdiction, and if the county court had none, this Court has none. 3 Tex.Jur. 398, par. 284; 26 Tex.Jur. 935, pars. 126, 127; Article 2459, Vernon's Annot.Civ.St., Rule 574, Vernon's Texas Rules of Civil Procedure; Beaumont Majestic Co. v. Berwick, Tex. Civ.App., 87 S.W.2d 1116; Jacobson et al.

v. Wood, Tex.Civ.App., 142 S.W.2d 949; Headstream v. Mangum, Tex.Civ.App., 129 S.W.2d 1155.

The appeal will be dismissed unless the appellants, on or before April 25, 1942, tender a record showing evidence of jurisdiction, together with a motion for leave to file the same as part of the record herein. 3 Tex.Jur. 757, par. 541; Urban v. Field et al., Tex.Civ.App., 137 S.W.2d 137.

### Supplemental Opinion.

The appellants having failed to comply with the order of this Court to tender a record showing jurisdiction of the county court, this cause is ordered dismissed.