

H. H. Cooper, of Amarillo, for appellant.

Chas. H. Dean, of Plainview, for appellee.

FOLLEY, Justice.

This cause comes from the County Court of Hale County where the appellee, J. Oliver Bier, recovered judgment for $150 against the appellant, D. M. Cotten, in connection with alleged defective insulation installed by the appellant in appellee's house in Plainview.

The record shows that the cause originated in the Justice Court of Hale County. The citation in that court shows that appellee sued appellant for $150 as damages for the defective insulation. There also appears in the transcript a plea of privilege filed by appellant in the justice court, seeking to remove the cause to Potter County, and also appellee's controverting affidavit. The transcript from the justice court to the county court does not show the disposition made in the justice court of the plea of privilege nor of the suit on the merits. The transcript of the justice of the peace shows only the docket entries, which included the justice court costs and notations of the proceedings in the justice court, which apparently were kept upon the same page of the civil docket of the justice of the peace. The costs side of this page of the docket showed $1 for "Judgment Final" and $1 for "Judgment in

## COTTEN v. BIER.

### No. 5519.

Court of Civil Appeals of Texas. Amarillo.

Feb. 8, 1943.

Supplemental Opinion Feb. 22, 1943.

Rehearing Denied March 15, 1943.

Plea of Privilege." The other side of this page of the docket, upon which the proceedings were kept, showed that it was a suit for $150; that citation was issued and executed; that D. M. Cotten filed his plea of privilege; that J. Oliver Bier filed his controverting plea; that a "copy of defendant's plea of privilege and a certificate issued to plaintiff"; and that there was an appeal bond filed. The justice of the peace certified that these were all of the proceedings had in his court in such cause. Following this transcript from the justice court, there appears in the transcript in this Court an appeal bond from the justice court to the county court, in which it was recited that the justice of the peace overruled the plea of privilege and thereafter, after a trial, rendered judgment for the appellee and against the appellant for $150.

From the above recitations, it is obvious that the transcript from the justice court does not show that a trial of any sort was had therein or that judgment was rendered upon the plea of privilege or upon the merits; and, if judgment was rendered against the appellant in the justice court, as indicated in the appeal bond, the record further fails to show that the appeal bond to the county court was filed within the time required by law. Rule 571, Vernon's Texas Rules of Civil Procedure.

We think the notations upon the costs side of the docket, referred to above, do not affirmatively show that a judgment was rendered in the justice of the peace court against the appellant upon the venue question or upon the merits. The cost bill comprises no part of the record required by law to be kept by the justice of the peace upon his civil docket and forms no part of the proceedings actually had in that court, but is only incidental thereto. Rules 524, 558, and 574, Vernon's Texas Rules of Civil Procedure. Moreover, these notations are too indefinite and uncertain in several respects to supply these necessary jurisdictional facts. Among these deficiencies are that they do not indicate what sort of judgments, if any, were rendered, who obtained them, or the dates thereof.

From the above-mentioned state of the record, it follows that it does not affirmatively appear that the county court had jurisdiction of this cause, and if that court had none, this Court is also without jurisdiction. Victory v. Schneider,

Tex.Civ.App., 163 S.W.2d 724; Franklin Fire Ins. Co. v. Shadid, Tex.Civ.App., 45 S.W.2d 769; Lewis v. Terrell, Tex. Civ.App., 154 S.W.2d 151; Wells v. Driskell, 105 Tex. 77, 145 S.W. 333; Anderson v. Fidelity Union Casualty Co., Tex. Civ.App., 44 S.W.2d 760; Hamilton v. Hannus, Tex.Civ.App., 185 S.W. 938; American Soda Fountain Co. v. Mason, 55 Tex.Civ.App. 532, 119 S.W. 714; Chalk v. Chasteen, Tex.Civ.App., 279 S.W. 592; Grand Rapids Show Case Co. v. Richardson, Tex.Civ.App., 277 S.W. 803; Patrick v. Pierce, 107 Tex. 620, 183 S.W. 441; Powell v. Hill, Tex.Civ.App., 152 S.W. 181.

The appeal will be dismissd unless the appellant or the appellee, on or before February 18, 1943, tenders a supplemental transcript showing sufficient evidence of jurisdiction, together with a motion for leave to file the same as a part of the record herein. Urban v. Field, Tex.Civ.App., 137 S.W.2d 137.

Supplemental Opinion:

In attempting to comply with our former order in this case, the appellant has filed an instrument appearing to be a copy of a page from the docket of the justice court and also copies of judgments purportedly entered in the justice court upon the plea of privilege and upon the merits. The copy of the docket sheet is substantially the same as that described in our original opinion. It also fails to show that any sort of judgment was entered in the justice court. The copies of the purported judgments appear to be signed by the justice of the peace. Neither they nor the copy from the docket page appear to have ever been filed in the county court. They are not in any manner authenticated by the county clerk, nor are they sent up by him as a part of the record from that court. They are accompanied only by the motion of appellant to file the same, which motion is sworn to by appellant's counsel. In this motion it is stated under oath that the justice of the peace "negligently failed to incorporate in said original transcript a true copy of the judgment entered upon the minutes of his court upon the plea of privilege filed in said cause and upon the merits therein."

Under the authorities cited in our original opinion, we think the record tendered is insufficient to show that the county court had jurisdiction of the suit. 3 Tex.Jur. 400, § 285. Therefore, the appeal is ordered dismissed.