Marvin PULLIN, Appellant,

v.

James W. PARRISH et al., Appellees.

No. 13233.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 18, 1957.

Rehearing Denied Oct. 23, 1957.

Royce A. Oxford, Mission, for appellant.

A. W. Taylor, McAllen, Rankin, Cherry & Martinez, Edinburg, for appellee.

POPE, Justice.

■ The point in this case is whether a party may appeal from a justice court verdict instead of a judgment. The District Court of Hidalgo County refused a temporary injunction to restrain the issuance and service of a writ of possession, and the tenant has appealed. Appellant, Marvin Pullin, is the farm tenant of James W. Parrish's predecessor in title. Parrish, hereafter called landlord, sued in forcible entry, and the jury in the Justice Court of Hidalgo County found the tenant not guilty. The justice recorded the verdict on the docket in these words: "3–19–57 Case tried before 6 men Jury and Marvin Pullin found not guilty of Forcible Entry & Detainer." No other order was entered by the justice. Landlord appealed to the county court, where tenant filed a motion to dismiss the case for lack of jurisdiction, which the court overruled, and then granted a summary judgment in favor of the land-

lord. Tenant then filed this suit in the District Court for an injunction and urged that the judgment of the county court was void because there was no justice court judgment, and an appeal from the justice court to the county court without a judgment is a nullity. When the county court does not acquire jurisdiction, its judgment may be enjoined. Childress Oil Co. v. Wood, 111 Tex. 165, 230 S.W. 143; Lewis v. Terrell, Tex.Civ.App., 154 S.W.2d 151.

A judgment is a prerequisite to an appeal from the justice court. Lewis v. Terrell, supra; Cotten v. Bier, Tex.Civ. App., 169 S.W.2d 502; Universal Credit Co. v. Adcock, Tex.Civ.App., 129 S.W.2d 1199; Brand v. Brand, Tex.Civ.App., 116 S.W.2d 438; Texas & N. O. R. Co. v. Gray, Tex. Civ.App., 29 S.W.2d 815; Johnson v. Gibson Bros., Tex.Civ.App., 240 S.W. 667; Hamilton v. Hannus, Tex.Civ.App., 185 S.W. 938; Stacks v. Simmons, Tex.Civ. App., 58 S.W. 958, 961.

Rule 556, Texas Rules of Civil Procedure, treats the verdict and judgment as two different records, saying: "Where the case has been tried by a jury and a verdict has been returned by them, the justice shall announce the same in open court and note it in his docket, and shall proceed to render judgment thereon." Rule 558 further enlarges upon the meaning of "judgment" stating: "The judgment shall be recorded at length in the justice's docket, and shall be signed by the justice. It shall clearly state the determination of the rights of the parties in the subject matter in controversy and the party who shall pay the costs, and shall direct the issuance of such process as may be necessary to carry the judgment into execution." In Lowe and Archer, Texas Practice, Injunctions, § 136, the writers state: "The judgment in Forcible Entry and Detainer cases, as in other actions, should be tested by its substance rather than its form, but it must set forth in clear and distinct language the matters adjudicated between the parties, and describe with certainty the property involved."

The appeal must be from the judgment, and a verdict is not a judgment. Judgments, not verdicts, record the final decisions of courts. While justice court procedure is informal, final decisions still must be recorded. The essence of the landlord's contention is that a justice court verdict is a judgment, but courts have not so held. In Lewis v. Terrell, Tex.Civ.App., 154 S.W.2d 151, the time for an appeal from a justice court was computed from the date of the formal judgment entry, though nunc pro tunc, instead of from the date of the docket entry of the verdict or the pronouncement of the judgment. An appeal from a docketed verdict, but not the judgment, is void. Hollinger v. Hancock, Tex. Civ.App., 152 S.W. 238; Brown v. Mc-Clendon, 56 Tex.Civ.App. 551, 121 S.W. 903.

We do not hold that a judgment is inadequate if it is informal or merely noted on the docket sheet; we hold that the record must show that it is a judgment and not a verdict. San Antonio & A. P. Ry. Co. v. Thigpen, Tex.Civ.App., 57 S.W. 66. Accord, Howerton v. Luckie, 18 Tex. 237.

Some of the early decisions of Texas may be interpreted to mean that a verdict would suffice as a judgment. Davis v. Pinckney, 20 Tex. 340, 341; Clay v. Clay, 7 Tex. 250; Perry v. McKinzie, 4 Tex. 154. See, also, Wahrenberger v. Horan, 18 Tex. 57. In Hollinger v. Hancock, Tex.Civ. App., 152 S.W. 238, Mr. Justice Fly observed that those cases were decided under a prior and different statute. The Supreme Court in Roberts v. Connelle, 71 Tex. 11, 8 S.W. 626, discussed those earlier decisions and followed them, but stated in its opinion that the recent Revised Statutes of 1879 would not apply to the case, which arose before the enactment of the revisions. The law pertaining to judgments of justice courts was changed in 1879 to require justices to keep more accurate judgments. Texas & N. O. R. Co. v. Garrett, 42 Tex.Civ.App. 258, 92 S.W. 1040. Article 1613, Revised Statutes 1879, except for one word, is exactly as Rule 558, T.R.

C.P. Prior to 1879, the only requirement for a justice court judgment was that it "shall be given in open court." Acts of 1846, 308, § 32. This Court has twice held that a verdict will not satisfy the requirements for a judgment. From this record, the justice of the peace has not rendered a judgment.

Appellant raises other points which we regard as without merit, but since the county court never had jurisdiction its judgment was void and the district court should have granted the injunction. The judgment is reversed and the cause remanded to the trial court for compliance.